IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION ) ) ) Plaintiff, ) ) v. ) ) MM PROPERTY LLC, *et al*. ) ) Defendants. ) ) | Case No. 1:23-cv-01642<br><br>Judge Carl John Nichols |

**RECEIVER'S REPLY TO TEMPO INC.'S MOTION TO INTERVENE AND OPPOSITION TO RECEIVER'S STAY MOTION**

Marc E. Albert, Receiver (the "Receiver") by and through his undersigned counsel, hereby files the following Reply ("Reply") to the *Motion to Intervene and Opposition to Receiver's Stay Motion* [ECF Dkt. No. 60] (the "Tempo Opposition") filed by Tempo, Inc., t/a Annapolis Painting Services ("Tempo") in opposition to the Receiver's February 7, 2024 *Receiver's Motion to Stay State Court Litigation Over Pre-Receivership Claim* [ECF Dkt. No. 51] (the "Stay Motion").

The Receiver's limited request to temporarily stay the Tempo Litigation[1] is important to preserve the Receivership Estate and allow for the Receiver to continue his efforts to stabilize the Property as contemplated by the Receivership Order. In the Opposition, Tempo asserts that this Court cannot issue the stay sought by the Receiver due to the Anti-Injunction Act, citing 28 U.S.C. § 2283. But the issuance of a litigation stay over an ancillary state-court matter falls within the enumerated exceptions provided for in the Act and is a common and important aspect of receivership actions. In response to the Opposition and in support of the Receiver's Stay Motion, the Receiver states as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Receiver's initial Stay Motion.

1

I. **The Litigation Stay Sought by the Receiver is Excepted from the Anti-Injunction Act – 28 U.S.C. § 2283**

The Anti-Injunction Act forbids federal courts from issuing injunctions to stay proceedings in state courts in most circumstances, but contains three statutory exceptions. 28 U.S.C. § 2283; *See Naegle v. Albers*, 843 F. Supp. 2d 123, 128 (D.D.C. 2012).[2] A stay is permissible if any one of those exceptions applies. A federal court stay is permissible if (1) doing so is expressly authorized by an act of Congress; (2) an injunction is necessary to aid the federal court's jurisdiction; or (3) an injunction is necessary to protect the federal court's judgments. *Id.* Here, the Receiver contends the second and third exceptions apply.

A temporary stay of the Tempo Litigation until the Receiver stabilizes the Property is necessary to aid this Court's jurisdiction over the Receivership and is necessary to protect the judgment of this Court embodied in the Receivership Order.

With respect to the jurisdiction and judgment exceptions to the Act, the Supreme Court has explained that these exceptions allow federal injunctive relief against ancillary state court proceedings when doing so is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide the case." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 295 (1970); *See also In re Am. Honda Motor Co., Inc., Dealerships Rels. Litig.*, 315 F.3d 417, 439 (4th Cir. 2003).

Typically, if an exception to the to the Anti-Injunction Act applies, it is founded upon the Act's second exception. "Cases often fall in the second exception to the Anti-Injunction Act if both

---

[2] Specifically, the Anti-Injunction Act provides that "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

a federal and state court undertake parallel *in rem* proceedings that concern the same subject matter." *Naegle*, 843 F. Supp at 128 (citing *In re Abraham*, 421 F. 2d 226, 228 (5th Cir. 1970).

These exceptions apply here. The jurisdiction exception applies because both the present federal receivership case and Tempo's state court litigation are *in rem* proceedings seeking jurisdiction over the same *res* — namely, the apartment Property and the rents derived therefrom. Additionally, the issuance of the litigation stay requested by the Receiver is "necessary to protect or effectuate the federal court's judgments," *i.e.* the Receivership Order. The clear intent of that order is to prioritize the limited funds of the Receivership Estate for the use of paying post-receivership expenses. The post-receivership expenses are being utilized to rehabilitate the Property for the benefit of all of the Property's creditors and to protect the health and safety of the tenants residing at the Property under the Receiver's care.

A. Staying the Tempo Litigation is Necessary to Aid in this Court's Exclusive Jurisdiction Over the Receivership Property.

Federal receivership cases have held that the issuance of litigation stays over state court and other ancillary proceedings fall within the Anti-Injunction Act's jurisdictional exception. As such, the stays may be upheld. This is especially true when, like the receivership itself, the ancillary proceeding is *in rem* or *quasi in rem* in nature and the receivership action came first. *Pennant Mgmt., Inc. v. First Farmers Fin., LLC*, No. 14-CV-7581, 2015 WL 4511337, at *7 (N.D. Ill. July 24, 2015); *See also In re Am. Honda Motor Co., Inc., Dealerships Relations Litig.*, 315 F.3d 417, 439 (4th Cir.2003) ("The 'necessary in aid of its jurisdiction' exception to the Anti–Injunction Act is widely understood to apply most often when a federal court was the first in obtaining jurisdiction over a *res* in an *in rem* action and the same federal court seeks to enjoin suits in state courts involving the same *res*."); *Naegele*, 843 F. Supp. 2d at 128 (D.D.C. 2012) (citing *In re Abraham*, 421 F.2d 226, 228 (5th Cir.1970) (holding that an injunction of state court proceedings was proper

3

if the federal court had initial, prevailing jurisdiction over the disputed property)); *In re Am. Honda Motor Co., Inc., Dealerships Relations Litig.*, 315 F.3d 417, 439 (4th Cir. 2003) ("The 'necessary in aid of its jurisdiction' exception to the Anti–Injunction Act is widely understood to apply most often when a federal court was the first in obtaining jurisdiction over a *res* in an *in rem* action and the same federal court seeks to enjoin suits in state courts involving the same *res*.").

For example, in *Sec. & Exch. Comm'n v. Harbor City Cap. Corp*, the receiver of some properties filed a motion to stay a state foreclosure action filed against the same properties subject to the receivership. *Sec. & Exch. Comm'n v. Harbor City Cap. Corp.*, No. 6:21-CV-694-CEM-DCI, 2023 WL 1105282, at *2 (M.D. Fla. Jan. 30, 2023). To the extent the state action plaintiff intended to rely on 28 U.S.C. § 2283, the court noted that the stay injunction in this case fell under the "necessary in aid of its jurisdiction" exception. *Id.* at *5 n.5. The court reasoned that both the state foreclosure action at issue and the receivership action were both *in rem*, or at minimum *quasi in rem* proceedings. *Id.* at *2. The court acquired its jurisdiction over the property in that case when the court appointed the receiver, which was two months before the foreclosure proceedings were initiated. *Id.* at *3. Therefore, as the first court to assert jurisdiction over the property, the federal court had exclusive jurisdiction. As a result, the second exception to the Anti-Injunction Act applied. *Id.* at *5 n.5.

Similarly, in the *Pennant Mgmt., Inc. v. First Farmers Fin., LLC* case, the court held that the Anti-Injunction Act did not preclude the court from continuing to enforce a blanket stay of litigation in other jurisdictions involving the receivership properties to stay state foreclosure actions instituted by virtue of a mechanic's lien that were filed after the appointment of the receiver. *Pennant Mgmt., Inc. v. First Farmers Fin., LLC*, No. 14-CV-7581, 2015 WL 4511337, at *7 (N.D. Ill. July 24, 2015).

It has long been held that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court. *Kline v. Burke Const. Co.*, 260 U.S. 226, 229 (1922); *United States v. Alpine Land & Reservoir Co.,* 174 F.3d 1007, 1014 (9th Cir.1999).

A receivership action is by nature an *in rem* proceeding in regard to the court's jurisdiction relative to receivership estate due to the Court, through the receiver, taking and exercising control over the subject property. *Gilchrist v. General Elec. Capital Corp.*, 262 F.3d 295 (4th Cir. 2001); *Securities and Exchange Commission v. Stanford International Bank, Limited*, 927 F.3d 830 (5th Cir. 2019), cert. denied, 140 S. Ct. 2567, 206 L. Ed. 2d 497 (2020); *People ex rel. White v. Travnick*, 346 Ill. App. 3d 1053, 282 Ill. Dec. 295, 806 N.E.2d 270 (2d Dist. 2004). Importantly, when a court imposes a receivership over an entity's assets, that court's jurisdiction over the subject property is exclusive and other courts must yield to the receivership court's jurisdiction. *See Sec. & Exch. Comm'n v. Harbor City Cap. Corp.*, No. 6:21-CV-694-CEM-DCI, 2023 WL 1105282, at *2 (M.D. Fla. Jan. 30, 2023).

A contrary attempt to enforce rights against the same property subject to this Court's control in a receivership action intrudes on this Court's jurisdiction. Actions to enforce a mechanic's lien, as Tempo is doing here, are *in rem* actions affecting an interest in property. *See Heidritter v. Elizabeth Oil-Cloth Co.*, 112 U.S. 294 (1884); *see also* Harbor City Corp., No. 6:21-CV-694-CEM-DCI, 2023 WL 1105282, at *2. Tempo's litigation is thus seeking to assert rights in or against the Property that belongs to the Receivership Estate and is currently under the control of this Court.

Here, the Consent Order appointing the Receiver was entered on June 30, 2023. [Dkt. No. 21]. Doing so thus granted exclusive jurisdiction to this Court over the assets in the Receivership

Estate. Tempo's *Complaint to Enforce Mechanic's Lien and for Damages* was filed in the District of Columbia Superior Court later on July 13, 2023, and, as a suit to enforce a mechanic's lien, is *in rem* in nature.[3] Therefore, because this Court has exercised its exclusive jurisdiction over the Property and the Receivership assets through the appointment of the Receiver, the Court is authorized to issue the litigation stay over the Tempo Litigation in order to aid and protect that exclusive jurisdiction.

   B. The Court May Also Issue the Requested Injunction in Order to Protect the Goals of the Receivership Order and its Underlying Purpose and Doing So Here is Appropriate.

In addition to the second jurisdictional exception to the Anti-Injunction Act, the requested stay may also be excepted from the Act's injunction bar under the third exception as an injunction "necessary to protect the federal court's judgments," and, more specifically, the Consent Order appointing the Receiver and protecting that order's underlying purpose. 28 U.S.C. § 2283. As previously described in the Receiver's Stay Motion, United States District Courts, pursuant to their equity powers, may issue orders to enjoin actions by non-parties against receivership estates. *See S.E.C. v. Wenke*, 622 F.2d 1363, 1369-70 (9th Cir. 1980). Doing so allows federal receivers "a chance to do the important job of marshalling and untangling a company's assets without being forced into court by every investor or claimant." *United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3rd Cir. 2005).

As described in *Wenke*, preserving the assets of a receivership estate is not merely an exercise of the Court's jurisdiction, but also an important component in ensuring that the purposes of an order establishing a receivership can be carried out. *See S.E.C. v. Wenke,* 622 F.2d 1363 at 1369-70 ("The blanket stay was found by the district court necessary to achieve the purposes of

---

[3] See Receiver's Stay Motion, Ex. 2 at p. 3 ("WHEREFORE, the Plaintiff prays this Honorable Court: a. Pass an Order that the Mechanic's Lien shall be enforced and direct that the land and the improvements thereon be sold unless the Mechanic's Lien is paid and satisfied on or before a date specified by the Court.")

the receivership," and, further in discussing the district court's conclusion and upholding it, that "this conclusion might be understood as a determination that stays directed to non-parties may be entered where necessary to protect the federal receivership.").

Although the situations in both *Wenke* and *Acorn* are slightly procedurally different than the matter at hand here[4], both are consistent with the principle that the decision of whether or not to provide a stay "simply requires the district court to balance the interests of the Receiver and the moving party," with the interests of the Receiver being "very broad" and including "not only protection of the receivership *res*, but also protection of defrauded investors and considerations of judicial economy." *Acorn Tech. Fund, L.P.*, 429 F.3d at 443.

The balances here favor issuance of the requested stay over the Tempo Litigation. The Receiver is not seeking dismissal of the Tempo Litigation, but rather a temporary stay in order to allow the Receiver time to invest the limited available funds on hand into the Property, maintaining its current operations to rehabilitate and stabilize the Property. This will benefit all creditors, and more importantly, protect the health and safety of the tenants residing in the Property under the Receiver's care. *See Wenke,* 622 F.2d at 1372 (noting that the stay "does not deprive the state court judgment of effect; it merely postpones that effect.").

Further, given the practicalities of the current financial situation of the Receivership, continuance of the action at this time is likely to be of little to no benefit to Tempo. Although the Receiver does not have an official appraisal for the Property, it is almost certain that any foreclosure sale that could occur with respect to the Property if one were to be initiated by Tempo

---

[4] *Wenke* and *Acorn* both involved requests by the non-party to be excluded from a blanket stay provided for in the respective receivership orders, whereas here, the Receiver has requested that a directed stay be issued against Tempo based on language provided for in the Consent Order directing the Receiver to prioritize post-receivership debts over those incurred prior to the Receivership. The Receiver contends that the analysis over whether to issue a targeted stay or relieve a party from a blanket stay is generally the same.

would result in no funds available towards payment of their alleged debt. The other secured interests ahead of them in priority would dwarf the sale proceeds likely to be generated.

While Tempo would gain little benefit, the harm to the Receivership would be great. Continuing with the Tempo Litigation at this time would divert needed funds of the Receivership Estate to costly litigation expenses in defending the Tempo Litigation and proceeding with the discovery process. This disrupts the ability of the Receiver to stabilize the Property, including making necessary expenses to protect the life, health and safety of the tenants living in the building.

While the Receivership recently obtained reserve funds for use at the Property, the Property under the Receiver's care is expected to still be running at an operational loss through the summer while repairs and the lease-up of vacant units commences. *See Acorn* at 443 (noting the "very real danger of litigation expenses diminishing the receivership estate"); *see also S.E.C. v. Universal Financial*, 760 F.2d 1034, 1038 (9th Cir. 1985). The Receivership Order is clear that the Receiver is to prioritize payment of expenses incurred by the Receiver himself over those of the entity incurred prior to the Receiver's appointment in order to achieve the goals of the Receivership, which include the operational stability of the Property. *See Consent Order*, [Dkt. No. 21 at 15].

The Receiver is merely seeking a temporary pause in the Tempo Litigation to provide space so the Property may be rehabilitated and Receivership assets preserved. These are appropriate reasons for a federal court to stay litigation in the context of a receivership. *See Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443. Allowing the Tempo Litigation to continue instead of implementing the limited stay requested by the Receiver frustrates the goals and purposes of the Receivership. The Receiver's request for a stay of the Tempo Litigation should be granted.

Dated: March 14, 2024

Respectfully submitted,

*/s/ Joshua W. Cox*
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Stinson LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Tel:  (202) 728-9903
Fax:  (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
*Attorneys for Marc E. Albert, Receiver*

**Certificate of Service**

I hereby certify that, on the 14th day of March 2024, I filed the foregoing with the Court using the CM/ECF system, which will electronically serve all counsel of record who have entered an appearance in this case.

*/s/ Joshua W. Cox*
Joshua W. Cox